TRULINCS 77128510 - HARTMAN, RITA - Unit: PEK-F-A

---

FROM: 77128510
TO:
SUBJECT: MOTION FOR A REDUCTION IN SENTENCE
DATE: 08/25/2026 10:10:08 AM

United States of America, Plaintiff, v. Rita Hartman, Defendant.
Case No.: 2:23-cr-20049-001
United States Court for the District of Kansas
Honorable District Court Judge Holly L. Teeter
MOTION FOR A REDUCTION IN SENTENCE / COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)

I. INTRODUCTION
Comes now defendant, Rita Hartman ("Defendant"), filing pro se this motion for a reduction in her sentence pursuant to 18 U.S.C. Sections 3582(c)(1)(A) and 3553(a), for which she respectfully requests from this Honorable Court a reduction in her sentence by 27 months to a 36 month term, due to the extraordinary and compelling reasons as outlined in U.S.S.G. Section 1B1.13(b)(3)(B) -- Family Circumstances concerning the incapacitation of her husband of 53 years, J.D., where she is the only available caretaker.

II. BACKGROUND
Defendant was sentenced to 63 months on 10-30-25 on one count of False Entries in Federal Credit Institution Records. The date of her offense has been recorded as 11-05-18, and she began serving her federal sentence on 12-17-25 at the female federal prison camp located in Pekin, Illinois. Defendant is a first-time, elderly offender (71 years old, turning 72 on [redacted]). Defendant is eligible to receive federal time credits ("FTC's") as per the First Step Act of 2018 ("FSA"), is a minimum recidivism and security risk-rated inmate, which is the best category afforded by the Bureau of Prisons ("BOP").

III. REDUCTION IN SENTENCE / COMPASSIONATE RELEASE STANDARDS
The term "compassionate release" refers to 18 U.S.C. Section 3582(c)(1)(A) which allows a defendant to directly petition a district court for a sentence modification after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier. If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. Section 3553(a), to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. Section 3582(c)(1)(A)(i).

IV. ANALYSIS
[A] Exhaustion of Administrative Remedies: Defendant asserts she has fully exhausted her administrative remedies evidenced by her request, via the electronic "Request to Staff" memo submitted to the warden of FCI Pekin on 6-30-26, and which was denied on 7-2-26.

[B] Extraordinary and Compelling Reasons -- Family Circumstances/U.S.S.C. Section 1B1.13(b)(3)(B): The United States Sentencing Guidelines delineate several situations in which extraordinary and compelling reasons exist that warrant a modification in a defendant's sentence. These include family circumstances of the incapacitation of a spouse when the defendant is the only available caregiver, as stipulated in U.S.S.G. Section 1B1.13(b)(3)(B). Defendant Hartman's hardship constitutes "extraordinary and compelling reasons" as contemplated by the U.S. Sentencing Commission, and as such, these circumstances constitute sufficient evidence justifying a reduction in her sentence by 27 months for a new term of 36 months, which, through her FSA FTC's, would place her on immediate home confinement detention under the watchful eye of either the BOP's Residential Reentry Management Office / Center ("RRM/RRC") or U.S. Probation's Federal Location Monitoring Program.

Defendant Hartman's husband, J.D., is 72 years old and has no living brothers or sisters. All he has is their daughter, Melissa, who is a single parent, working full time (driving to work which is 1.5 hours away, each way), while caring for her own three daughters, ages 1, 8, and 9 years old. J.D.'s medical condition has worsened since Defendant has come to prison, and include the following:

(1) Hydrocephalus, which is an abnormal increase in the amount of cerebrospinal fluid within the cranial cavity with expansion at the cerebral ventricles. Because of this, he has had nine brain surgeries to date and is shunt dependent. Every time doctors open his brain, he loses "current memory." He has some long term memory, but cannot remember daily activities, such as taking his medication or even eating.

(2) J.D. has rods, screws, and bars in his lower back. He has had knee and hip replacements which prevent him from bending over, making it nearly impossible for him to put his shoes and socks on, and cut his own toenails. He was recently told

---

by doctors that one of his hip replacements, which was performed over 20 years ago, will need to be redone since it was the former procedure of "gluing" the hip socket ball in place, which will now require it to be completely chipped out in order to replace it -- something he has been told which will be extremely painful and severely decrease his mobility.

(3) Hospital trips: On March 5, 2026, J.D. was admitted to the hospital for five days due to a series of mini-strokes and A-Fib. On May 7, 2026, he was admitted to the hospital again for internal bleeding. Then on May 28, 2026, J.D. went by ambulance to Kansas City to the intensive care trauma unit as he had fell and had a brain bleed. He was in the hospital for four days. On June 29, 2026, he went for a CT scan to check his brain bleed and it was discovered that he had a new one.

(4) J.D. walks with a cane and also uses a walker. He is not eating well and has missed several doctors' appointments because of his short term memory lapses.

Defendant Hartman is the only person who can be with J.D. 24/7, as he needs daily care. They do not have the money to pay for in-home care and nor will their insurance cover such costs. J.D. does not want to be transferred to a facility as he is already severely depressed due to his medical conditions and Defendant fears this would put him over the edge. Not only that, they do not have the funding to place him in a quality facility. J.D. belongs home with the care of his wife -- Defendant Hartman.

[C] Section 3553(a) Factors: U.S.S.G. Section 1B1.13(a)(2) provides that a modification of sentence / compassionate release is appropriate where "the defendant is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. Section 3142(g) as the main objective -- to protect the public from further crimes by both defendant and others. 18 U.S.C. Section 3582(c)(1)(A) requires courts to consider the factors set forth in 18 U.S.C. Section 3553(a) before granting a motion for a reduction in sentence / compassionate release. Defendant Hartman, contends that the Section 3553(a) factors weigh in favor of a reduction in her sentence, especially since she is not a public safety threat. She is a 71 year old woman (birthday is 10-25-54) who has never been in trouble with the law prior to this offense, and will never work in any type of financial environment again. She has been an exemplary inmate during her incarceration, has programmed extensively, and has been trusted in important employment roles such as a librarian in the Education department and the lead Chaplain assistant for the camp's religious services. Defendant Hartman also has her own health issues with which to contend, such as her recent diagnosis (since being incarcerated) of chronic kidney disease and diabetes. She also has ongoing skin cancer which has not been effectively treated by the BOP due to lack of proper medical care and funding. She has not been subject to any disciplinary action while incarcerated, making her a perfect candidate for home confinement detention which a reduction in her sentence would achieve through the FSA and Second Chance Act laws.

V. APPOINTMENT OF LEGAL COUNSEL

Although Defendant realizes that appointment of counsel is a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner, Defendant believes her case is one which would qualify for an appointment of counsel, as per 18 U.S.C. Section 3006A(a)(2), due to the issues presented by her. As to financial eligibility, Defendant does not have to be indigent, she must simply demonstrate that she is financially unable to obtain counsel (as per the Criminal Justice Act, outlining a standard lower than indigency).

VI. CONCLUSION

Defendant Hartman's motion is not based on a disagreement with her conviction nor is it an attempt to relitigate her sentence. Instead, it is based on a present day reality this Court could not have anticipated at the time of her sentencing: the worsening medical condition of her husband and the fact that she is truly the only available full-time caregiver for him. This notion is not business-as-usual, but rather, an issue of a husband who is severely ill and needs the 24 hour care of his loving wife at home. Defendant is NOT asking for a total forgiveness of her sentence; she is merely asking for a sentence reduction of 27 months to a new term of 36 months, which would be served under home confinement detention as it would qualify her, under the FSA through her FTC's, to be immediately released to home under the watchful eye of either the RRM/RRC through the BOP or U.S. Probation under its Federal Location Monitoring Program. Additionally, Defendant offers this court to add this 27 months on to her supervised release period with all other prior conditions and restraints remaining.

Wherefore, Defendant Hartman respectfully beseeches this Honorable Court to GRANT her request for a modification of her sentence by reducing it to a 36 month term, to be served on home confinement detention so that she may be able to care for her severely ill husband.

VII. VERIFICATION

The following is filed, pro se, to the best of my ability on this 25th day of August, 2026.

Rita Hartman

Rita Hartman, Fed. #77128-510
Federal Prison Camp

TRULINCS 77128510 - HARTMAN, RITA - Unit: PEK-F-A

---

P.O. Box 5000
Pekin, Illinois 61555-5000

TRULINCS 77128510 - HARTMAN, RITA - Unit: PEK-F-A

---

FROM: 77128510
TO: Warden
SUBJECT: ***Request to Staff*** HARTMAN, RITA, Reg# 77128510, PEK-F-A
DATE: 06/30/2026 09:45:24 AM

To: Warden Rosenberg
Inmate Work Assignment: chapel library

Please be advised that this is my formal request for a reduction in sentence and immediate release to either time-served or home confinement-detention pursuant to program statement 5050.5050 Compassionate Release/reduction in sentence as well as per 18 U.S.C. sections 3582, 3621(b) and 4205(g). I am specifically requesting this relief due to the medical circumstances of my husband, JD, who is in desperate need of my care. JD has multiple medical conditions including hydrocephalus, which is an abnormal increase in the amount of cerebrospinal fluid within the cranial cavity with expansion at the cerebral ventricles. He has had 9 brain surgeries, and is shunt dependent. Every time they open his brain up he loses his "current memory". He has long term memory but cannot remember daily activities. We have been married 53 years and I have always looked out for him and taken care of him. JD is 72 years old, has no living brothers or sisters. All he has is my daughter, Melissa. He lives by himself in our home. Melissa is our only child, and is a single parent who works an 8 hour day job and drives 1.5 hours each way to work. She has 3 daughters, ages 1,8 & 9. She is stressed to the max trying to care for her 3 daughters and care for her dad. My husband does not have a caretaker now that I am in prison. He has rods, screws, and bars in his lower back. He has had knee and hip replacements and cannot bend over. When I was home I put his shoes and socks on and also cut his toenails. I have been here for 6 months. During the 6 months his health has declined drastically and he is severely depressed. On March 5, 2026 he was admitted to the hospital for mini strokes and A-Fib. The doctors are discussing an implant for his A-Fib at this moment. He was in the hospital for 5 days. He is going to physical therapy to try to gain his strength back in his left hand and leg. On May 7, 2026 he was admitted to the hospital again for internal bleeding. Then on May 28, 2026 he went by ambulance to Kansas City to the intensive care trauma unit, as he had fell and had a brain bleed. He was in the hospital for 4 days. On June 29, 2026 he went for a CT scan to check the brain bleed and has developed another one. They changed the settings on his shunt to 5, it has always been lower. He walks with a cane and uses a walker, and is not eating well. I am 71 years old, a first time non-violent, white-collar offender with a spotless criminal history prior to this offense. I have never seen an inside of a jail until my self-surrender here at Pekin Camp. I have never been exposed to criminal behavior and have not been subject to any disciplinary action while here. I also have health conditions including skin cancer and since being here I have been diagnosed with diabetes and chronic kidney disease. With JD's rapidly declining health, I feel I am an excellent candidate for a Compassionate Release. He has no one to be with him daily, except for me. He needs daily care. He has missed several doctor's appointments because he has forgotten. He has also missed out of town doctor appointments as I am not there to take him. I can get doctor's statements if needed. He needs me. With the way his health is declining, I feel like it is a matter of life or death. Please let it be life and grant me this Compassionate Release and care for him.
Thank you,
Rita Hartman